Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| JUNTA DE PLANIFICACIÓN DE PUERTO RICO<br><br>Recurridos<br><br>v.<br><br>YAHAIRA FANTAUZZI RIVERA<br><br>Recurrente | TA2025RA00099 | ***Revisión Administrativa***<br>Procedente de la Junta de Planificación de Puerto Rico<br><br>Caso Núm.: 2022-SRO-010229<br><br>Sobre:<br><br>Multa |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Jueza Lotti Rodríguez.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de septiembre de 2025.

El 21 de julio de 2025 la señora Yahaira Fantauzzi Rivera presentó un escrito por derecho propio ante este tribunal. En su recurso nos pide que le relevemos de una multa impuesta en su contra por la Junta de Planificación (Junta). La multa asciende a $1,134.00 dólares. Acompaño la Resolución Final de la Junta de Planificación de Puerto Rico que le impuso la multa por la construcción de una terraza de madera y plástico decorativo de unos 10 pies x 15 pies aproximadamente y la construcción de un muro de contención de unos 12 pies x 40 pies aproximadamente. La Junta concluyó en su resolución que la señora Fantauzzi Rivera había legalizado el muro de contención mediante la obtención del permiso ante la Oficina de Gerencia de Permisos (OGPE) no así la terraza. Conforme a los hallazgos de una inspección la Junta encontró que la recurrente había construido una terraza de madera en su casa sin los permisos correspondientes.

En su recurso la señora Fantauzzi Rivera no hace un solo señalamiento de error conforme al Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Mas bien se limita a señalar que la Junta impuso la multa en su contra, que legalizó la construcción y así se los dejo saber y, que necesita que este tribunal le exima del pago de la multa toda vez que es una madre soltera con recursos económicos limitados.

Por las razones que exponemos a continuación, nos vemos obligados a desestimar el recurso presentado.

**I**

La jurisdicción es el poder o la autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias ante su consideración. *Vázquez et al. v. DACo,* 2025 TSPR 56, 216 DPR ____ (2025); Mun. Rio Grande v. Adq. Finca et al, 2025 TSPR 36, 215 DPR ____ (2025); Beltrán Cintrón et al. v. ELA et al., 204 DPR 89, 101 (2020); *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 499-500 (2019).

Como asunto de primer orden, los tribunales deben auscultar si poseen jurisdicción para atender el asunto ante su consideración lo que, entre otros, implica velar por que los recursos se perfeccionen de forma que les sea posible atenderlos. *Pérez Soto v. Cantera Pérez, Inc., et al.,* 188 DPR 98, 105 (2013). Ello se debe a que la falta de jurisdicción incide directamente sobre el poder mismo para adjudicar una controversia. *Mun. Rio Grande v. Adq. Finca et al.,* supra; *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239,250 (2012).

En fin, un tribunal carece de discreción para asumir jurisdicción donde no la tiene. M *Mun. Rio Grande v. Adq. Finca et al.,* supra; *SLG Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).

Ahora bien, la práctica apelativa se rige por un conjunto de normas que rige el aspecto procesal. Esto implica que aun cuando

haya derecho a apelar, las reglas en cuanto al perfeccionamiento de los recursos apelativos deben cumplirse rigurosamente y, claro está, su cumplimiento no puede estar al arbitrio de las partes o sus abogados. *Freire Ruiz et al., v. Morales, Hernández*, 2024 TSPR 129, 215 DPR ____ (2024); *Pérez Soto v. Cantera Pérez, Inc., et al.*, supra, págs. 104-105; *Hernandez Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90-91 (2013).

Como parte de los requisitos para perfeccionar el recurso de revisión judicial está la presentación oportuna del recurso en la Secretaría del Tribunal de Apelaciones. *Pérez Soto v. Cantera Pérez, Inc. et al., supra*. La parte apelante tiene la obligación de perfeccionar su recurso de acuerdo con lo que exige la ley y el Reglamento del Tribunal de Apelaciones, y de esa manera colocar al foro apelativo intermedio en posición de revisar la determinación recurrida. *Morán v. Martí*, 165 DPR 356, 367 (2005).

El Tribunal de Apelaciones, revisará como cuestión de derecho, las decisiones finales de los organismos y agencias administrativas. Dicha revisión se tramitará de conformidad con las disposiciones de la Ley Núm. 38-2017 de 30 de junio de 2017 conocida como Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico. 4 LPRA sec. 24u.

La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración,

el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. 3 LPRA sec. 9655.

Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. 3 LPRA sec. 9672.

La recurrente explica que recibió la Resolución Final de la Junta de Planificación el 3 de mayo de 2025. Inconforme con la multa impuesta alega haber presentado una moción de reconsideración el 7 de mayo. La Junta no actuó sobre la misma por lo que se presume denegada a partir de los 15 días de haberla sometido, o sea se entiende denegada desde el 22 de mayo. Es entonces desde el 22 de mayo que comienza a transcurrir el término de treinta días para acudir en revisión judicial ante el Tribunal de Apelaciones. Tomando en consideración el término antes mencionado, la recurrente debió haber presentado su recurso ante este foro antes del 23 de junio. No fue hasta prácticamente un mes después, el 21 de julio de 2025, que presentó el recurso ante nosotros. Por lo tanto, estamos obligados a desestimar el recurso por falta de jurisdicción ante su presentación tardía.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones